IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MERVIN SEALY,**

   **Petitioner,**

v.                 **Civil Action No. 3:07cv109**
                    **(Judge Bailey)**

**WAYNE PHILLIPS, Warden,**

   **Respondent.**

## REPORT AND RECOMMENDATION

The petitioner initiated this case on September 13, 2007, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he seeks an order directing the Bureau of Prisons ("BOP") to place him for a full six months in a Community Corrections Center "CCC")[1] as opposed to only the last 10% of his sentence. On October 15, 2007, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at time. Consequently, the respondent was directed to show cause why the petitioner should not be granted. On November 26, 2007, the respondent filed a Motion to Dismiss and Response to Show Cause Order. As grounds for dismissal, the respondent argued, among other things, that the case was not yet ripe for review because the BOP had not yet conducted a final review for CCC placement eligibility because he was not yet

---

[1]The BOP now refers to a CCC as a Residential Re-entry Center or RRC. However, for purposes of this Report and Recommendation the term CCC shall be used.

1

within eleven to thirteen months of his anticipated release date. On November 27, 2007, a Roseboro Notice was issued, and on December 7, 2007, the petitioner filed a reply. On April 2, 2008, the undersigned reviewed the pleadings to prepare a Report and Recommendation and determined the plaintiff was then within 10 months of his anticipated release date, and the case was now likely ripe for review. Therefore, the respondent was directed to file a copy of the BOP's official referral form. On April 21, 2008, the respondent filed a Supplemental Response to the Show Cause Order and attached as an Exhibit the petitioner's referral form. The case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

## I. Factual and Procedural History

On March 5, 2007, the petitioner was sentenced in the United States District Court for the District of California to a thirty-seven (37) month period of incarceration for Conspiracy to Import a controlled substance in violation of 21 U.S.C. § 360(a) and 363. (Doc. 13-3, p.6). The petitioner was committed to the custody of the BOP on March 5, 2007, and was subsequently designated to serve his sentence at FCI Morgantown. His statutory projected release date is January 8, 2009, via Good Conduct Time Release. (Doc. 13-3, p. 6). In March 2008, the petitioner's unit team reviewed his case and referred him for CCC placement with a recommendation for a 120-180 day placement in a CCC. (Doc. 22-3). The Warden approved this recommendation on March 21, 2008. (Id.). Moreover, the CCC has established a halfway house date of July 15, 2008, which is a 178 day placement. (Doc. 22-2, p. 2).

In the petition, the petitioner asserts that FCI Morgantown has a policy of capping an inmate's release time to a CCC at 10% of the sentence imposed. The petitioner argues that this policy has been ruled unconstitutional. The Government contends, however, that the petition should be dismissed as moot because in deciding petitioner's referral date, the BOP considered the five factors set forth in

2

18 U.S.C. § 3621(b) without regard to a 10% limitation. Therefore, the Government argues that the petitioner has received the only relief available to him and that there is no live case or controversy remaining.

## II.  Historical Background

Prior to December 2002, the BOP had a policy of placing prisoners in a CCC for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 28 U.S.C. § 3624(c) which, in its opinion limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. Section 3624(c) provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that
> a prisoner serving a term of imprisonment spends a reasonable part,
> not to exceed six months, of the last 10 per centum of the term to be
> served under conditions that will afford the prisoner a reasonable
> opportunity to adjust to and prepare for the prisoner's re-entry into
> the community. The authority provided by this subsection may be
> used to place a prisoner in home confinement. The United States
> Probation System shall, to the extent practicable, offer assistance
> to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits, as well as many district courts, [2] found the policy contrary to the plain meaning of 18 U.S.C. § 3621(b) which states:

> The Bureau shall designate the place of the prisoner's imprisonment.
> The Bureau may designate any available penal or correctional facility
> that meets minimum standards of health and habitability established

---

[2] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato V. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

by the Bureau, whether maintained by the Federal government or
otherwise and whether within or without the judicial district in which
the person was convicted, that the Bureau determines to be appropriate
and suitable, considering -

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

(A) concerning the purposes for which the sentence to imprisonment
was determined to be warranted; or

(B) recommending a type of penal or correctional facility as
appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission
pursuant to section 994(a)(2) of title 28.

In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in CCCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [CCC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in CCCs prior to the pre-release phase of imprisonment and provides:

When will the **Bureau designate** inmates to **community** confinement?

(a) The Bureau will designate inmates to community confinement only
as part of pre-release custody and programming, during the **last ten percent**
of the **prison sentence** being **served**, not to exceed six months.

(b) We may exceed the time-frames only when specific Bureau programs
allow greater periods of community confinement, as provided by
separate statutory authority (for example, residential substance abuse
treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added)

It is this regulation which prompts the petitioner's habeas challenge in the instant case.

### III. Analysis

#### A. Pertinent Caselaw

The Third Circuit Court of Appeals was the first court of appeals to address the issue raised in the instant case. In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the Third Circuit recognized that the various district courts to address this issue were split as to the validity of the BOP's 2005 regulations. See Woodall at 244 (collecting cases). However, after analyzing the conflicting opinions, the Third Circuit found the regulation unlawful. Id. Specifically, the Third Circuit found that the governing statute, 18 U.S.C. § 3621(b), "lists five factors that the BOP must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a Community Corrections Center ("CCC"), do not allow the BOP to consider these factors in full." Id. at 237. More specifically, the Court noted:

> [t]he regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Id. at 244; see also Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 85-87 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006).

Relying on the clear weight of authority, this District has likewise concluded that the challenged regulations are invalid. See Smith v. Gutierrez, 2:06cv121 (N.D.W.Va. Sept. 26, 2007) (Maxwell, Sr. J.); Simcoke v. Phillips, 1:07cv77 (N.D.W.Va. Sept. 18, 2007) (Keeley, C. J.); Jaworski

5

v. Gutierrez, 5:06cv157 (N.D.W.Va. Aug. 23, 2007) (Stamp, Sr. J.); Murdock v. Gutierrez, 3:06cv105 (N.D.W.Va. July 24, 2007) (Bailey, D.J.). However, in doing so, the Court has made clear that such a decision does not entitle any inmate to an Order from this Court directing that he be immediately transferred to a CCC for the last six months of his sentence. Id. In fact, the Court has explicitly noted that the BOP's regulations are invalid only to the extent that an inmate's placement in a CCC is limited to the lessor of 10% of his sentence, or six months, without consideration of the five factors set forth in 18 U.S.C. § 3621(b). Id. Thus, the invalidation of the BOP's regulations merely entitles an inmate to have his CCC placement considered in accordance with the five factors set forth in § 3621(b).

Here, the BOP has in fact considered the five factors set forth in 18 U.S.C. § 3621(b). See Doc. 22-3 (petitioner's CCC referral form). Thus, the petitioner has received all the consideration he is due under § 3621(b), and the prior decisions of this Court.

**C. Mootness**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

The petitioner has already been granted the relief available -- proper consideration of his CCC placement under § 3621(b).[3] To the extent that the petitioner seeks an Order from the Court directing that he be granted a full six months CCC placement, that is simply not relief that this Court has

---

[3]Notably, the referral form indicates that: "[b]ased on these factors, the Unit Team believes a placement range of 120-180 is justified to allow inmate Sealy ample time to secure employment."

6

authority to grant. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 251 ( "that the BOP may assign a prisoner to a CCC does not mean that it must"); see also Crahan v. Adams, 2004 WL 4020190 *17 (S.D.W.Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a halfway house for the full six months).  Moreover, in this case, the petitioner has received a halfway house date of July 15, 2008, which is just 2 days short of a full six month placement.

### IV. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 13) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Within ten (10) days after being served with a copy of this /Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: April 30, 2008

  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE